Honorable Samuel J. Steiner

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>ELECTRIC VEHICLE COMPONENTS, LLC,<br>d/b/a EV Components,<br><br>        Debtor(s). | Chapter 7<br>Bankruptcy No. 10-18150 |
| In re:<br><br>ELECTRIC VEHICLE COMPONENTS, INC.,<br>d/b/a EV Components,<br><br>        Debtor(s). | |
| BANKRUPTCY ESTATE OF ELECTRIC VEHICLE COMPONENTS, LLC, by and through Michael B. McCarty, Bankruptcy Trustee,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES MORRISON and JANE DOE MORRISON, husband and wife, and the marital community comprised thereof,<br><br>        Defendant. | Adversary No.<br><br>COMPLAINT FOR TURNOVER OF PROPERTY AND FOR RECOVERY OF PREFERENCE |

COMES NOW Michael B. McCarty, the trustee herein, through counsel, The Rigby Law Firm, and James Rigby and alleges as follows:

1.    Plaintiff is the duly qualified and acting trustee in this case.

**COMPLAINT FOR TURNOVER OF
PROPERTY AND FOR RECOVERY OF
PREFERENCE**
100826gCmp   Page 1

**THE RIGBY LAW FIRM**
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-0826

2. Defendants are residents of King County, Washington. The acts of defendant James Morrison were for the benefit of his community, which is liable therefor. Jane Doe Morrison is believed to be the spouse of James Morrison.

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 542, 547, 548 and 550, and Bankruptcy Rule 7001. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H) and (O). Venue in this court is proper under 28 U.S.C. §§ 1391 and 1409.

4. The trustee is informed and believes and therefore alleges that among the property of the estate are the following assets: computers, office equipment, other machinery and equipment, and inventory.

5. The trustee is informed and believes and therefore alleges that the property is under the control of the defendants, and that said property is property which the trustee may use, sell or lease pursuant to 11 U.S.C. § 363.

6. The trustee has demanded turnover of the property, but the defendants have refused to turn over the property.

7. The trustee is informed and believes and therefore alleges that said property has a fair and reasonable value in the amount of $364,034.42, based upon the bankruptcy schedules signed under the penalty of perjury by defendant James Morrison.

8. On or after one year before the filing of the petition commencing this case, the debtor transferred to defendant James Morrison, an unsecured inside creditor, a security interest in the personal property.

9. Upon information and belief, said transfer was made for and on account of an antecedent debt owed by the debtor to the defendants.

10. At the time of said transfer, the debtor was insolvent.

**COMPLAINT FOR TURNOVER OF PROPERTY AND FOR RECOVERY OF PREFERENCE**
100826gCmp   Page 2

**THE RIGBY LAW FIRM**
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-0826

Case 10-18150-MLB   Doc 17   Filed 08/26/10   Entered 08/26/10 15:19:16   Page 2 of 3

11. The transfer referred to in the preceding paragraphs enabled the defendants to receive more than they would have received under Chapter 7 of the Bankruptcy Code if the transfer had not been made.

12. By reason of the foregoing, the defendants are liable to the plaintiff in the sum above stated, and for any other money or property transferred by the debtor to the defendants within one year prior to filing the petition, pursuant to 11 U.S.C. §§ 547 and 550.

13. By reason of the foregoing, should the defendants deny creditor status, the transfer of the security interest in assets as described above, and any additional funds or assets received within one year of the bankruptcy, are fraudulent conveyances and avoidable by plaintiff pursuant to §§ 548 and 550 of the Bankruptcy Code.

WHEREFORE, plaintiff prays for judgment as follows:

(a) that the defendants be ordered to surrender and deliver possession of the property of the estate described herein to plaintiff; or

(b) in the alternative, for a judgment in the amount stated above;

(c) avoiding the transfer of the security interest;

(d) for costs of suit incurred herein; and

(e) for such other and further relief as the court deems just and property.

DATED this 26th day of August, 2010.

THE RIGBY LAW FIRM

/S/ *James Rigby*

James Rigby, WSBA #9658
Of Attorneys for Plaintiff/Trustee

**COMPLAINT FOR TURNOVER OF PROPERTY AND FOR RECOVERY OF PREFERENCE**
100826gCmp   Page 3

**THE RIGBY LAW FIRM**
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-0826

Case 10-18150-MLB    Doc 17    Filed 08/26/10    Entered 08/26/10 15:19:16    Page 3 of 3